**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEAN LUC HAUVILLER, #1000126** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3:03-CV-1900-M |
| | § | |
| **DOUGLAS DRETKE, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On April 27, 2000, Petitioner was convicted of theft between $100,000 and $200,000 and was sentenced to twenty years confinement. *State v. Hauviller*, No. F-00-00819-TP (203rd Dist. Ct., Dallas County, Tex., April 27, 2000). On November 15, 2001, the Fifth District Court of Appeals affirmed the conviction. *Hauviller v. State*, No. 05-00-00751-CR (Tex. App. – Dallas, Nov. 15, 2001, no pet.) (not designated for publication). Petitioner did not file a petition for discretionary review.

On October 24, 2002, Petitioner filed a federal petition for writ of habeas corpus.

*Hauviller v. Cockrell*, No. 3:02-CV-2357-L (N.D. Tex. Oct. 24, 2002). On April 8, 2003, the petition was dismissed for failure to exhaust state remedies.

On April 11, 2003, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Hauviller*, Application No. 56,221-01. On August 13, 2003, the Court of Appeals denied the petition without written order on the findings of the trial court. *Id.* at cover.

On August 18, 2003, Petitioner filed this federal petition. He argues:

(1) He received ineffective assistance of counsel because counsel

  (a) failed to investigate the "scorned woman syndrome";

  (b) failed to subpoena documents and witnesses;

  (c) failed to investigate the legality of ownership of the coin collection ("collection");

  (d) failed to call an expert witness;

  (e) failed to audit receipts showing the value of the collection; and

  (f) failed to sufficiently meet with Petitioner;

(2) evidence of the collection was unlawfully admitted because the complaining witness did not have lawful ownership of the collection;

(3) the complaining witness tampered with evidence;

(4) the evidence was insufficient;

(5) Petitioner is actually innocent; and

(6) the state suppressed evidence and knowingly offered false testimony.

On June 7, 2005, Respondent filed his answer. On June 30, 2005, Petitioner filed his traverse. The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Appellant and complainant dated for approximately two years.  Six months into the relationship, the complainant inherited her father's world coin collection.  The complainant testified that her father began collecting coins at the age of thirteen and continued collecting until he was hospitalized at the age of sixty-four.  Complainant's father performed a "ritual-like" routine upon acquiring each coin in his collection.  He took the coin into the household bathroom, where the lighting was best, and cataloged the coin's characteristics on an index card.  He then placed the coin in a small plastic bag and stapled it to the index card.  In addition to the index card cataloging, complainant's father marked the acquisition of each coin in his world coin collection catalog.  If he had acquired the exact coin listed, he would place a red dot by the coin in the catalog.  If the coin was older or newer than the coin listed, he placed an ascending or descending arrow to the side of the coin listed in the catalog.  Every few years, complainant's father would transfer the markings from one catalog to an updated catalog.  Complainant's father did this in an effort to catalog the coins in a single location.  Complainant's father followed this same ritual each time he acquired a new coin.  Moreover, because he was a collector, he never sold or traded the coins.
>
> After complainant's father passed away, she traveled to his home for the holidays.  After her holiday visit she took possession of the collection contained in several suitcases and plastic containers.  Upon arriving in Dallas, Texas, the complainant placed the collection under a day bed in the den of her apartment.  The collection remained under complainant's day bed for several months until she returned from a business trip in May 1998, and discovered it was missing.  Appellant admitted he took the collection from complainant's apartment while she was away.  Appellant told complainant he was storing the collection in his garage for safe keeping.  Complainant continuously requested return of the collection, but never received it.  Ultimately, appellant admitted he had sold the collection to a coin dealer in Dallas, Texas.

*Hauviller v. State*, Slip Op. at 2-3.

## III.  Discussion

### 1.  Statute of Limitations

Respondent argues the petition is barred by the one-year statute of limitations.  Petitioner

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id*. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

On November 15, 2001, the Fifth District Court of Appeals affirmed Petitioner's

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

conviction. He did not file a petition for discretionary review. His conviction therefore became final thirty days later, on December 17, 2001.[2] *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 17, 2002, to file his federal petition.

On October 24, 2002, Petitioner filed a federal petition for writ of habeas corpus. *Hauviller v. Cockrell*, No. 3:02-CV-2357-L (N.D. Tex. Oct. 24, 2002). On April 8, 2003, the Court dismissed the petition without prejudice for failure to exhaust state remedies. A federal habeas petition does not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 172 (2001). A court, however, may equitably toll the limitations during the pendency of the prior federal habeas proceeding. *Id.* at 183 (Stevens, J., concurring); *Shaw v. Cockrell*, No. 3:01-CV-1000-M, 2001 WL 1442221 (N.D. Tex. Nov. 13, 2001). The Court must therefore determine whether the facts of this case support an equitable tolling argument.

In *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999), the Fifth Circuit considered whether the AEDPA limitations period should be equitably tolled during the pendency of a prior federal habeas petition that was dismissed for failure to exhaust state remedies. Although the court ultimately rejected petitioner's tolling argument, the facts of this case can be distinguished.

---

[2]Thirty days from November 15, 2001, is December 15, 2001. December 15, 2001, was a Saturday. Petitioner's deadline for filing a PDR, therefore, was Monday, December 17, 2001. *See* Tex. R. App. P. 4.1(a).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-

The petitioner in *Grooms* waited more than a year after his first federal habeas petition had been dismissed before returning to federal court. No attempt was made to exhaust state remedies during that period. *Id.* at 490. Here, Petitioner filed an application for state habeas relief *three days* after the district court entered final judgment. He returned to federal court *five days* after the Court of Criminal Appeals denied his application.

It is clear Petitioner wasted little time in exhausting his state remedies after dismissal of his first federal habeas petition. He also did not delay in returning to federal court once he satisfied the exhaustion requirement. The Court concludes that Petitioner is entitled to equitable tolling of the limitations period during the pendency of his first federal habeas petition.

Once equitable tolling is applied, the instant petition is timely. Petitioner's federal petition was due by December 17, 2002. This period was tolled 167 days during the pendency of his first federal habeas petition – from October 24, 2002, until April 8, 2003. The petition was then due no later than June 2, 2003.[3]

On April 11, 2003, Petitioner filed a state application for habeas relief. The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). This petition tolled the limitations period for 125 days, until it was denied on August 13, 2003. Petitioner's federal petition was therefore due no later than October 6, 2003.[4] Petitioner filed his federal petition on August 18, 2003. His petition is therefore timely.

---

[3]The petition was due on June 1, 2003. That date, however, was a Sunday. The petition was therefore due on June 2, 2003. *See* Fed. R. Civ. P. 6(a).

[4]The petition was due on October 4, 2003. That date, however was a Saturday. The petition was therefore due on October 6, 2003. *See* Fed. R. Civ. P. 6(a).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -6-

**2. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

**3. Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(a) Failure to investigate**

Petitioner argues his counsel was ineffective because she failed to perform an adequate

investigation. Petitioner claims his counsel failed to: (1) investigate a defense based on the "scorned woman syndrome"; (2) investigate the proper ownership of the collection by reviewing tax records; (3) investigate the complaining witness' records regarding the value of the collection; and (4) sufficiently meet with Petitioner.

To establish that counsel was ineffective for failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner has not explained the phrase "scorned woman syndrome." The Court assumes Petitioner is claiming that he ended his relationship with the complaining witness and she therefore felt scorned. The record shows that Petitioner's counsel cross-examined the complaining witness about her failed relationship with Petitioner and her possible motives in pursuing criminal charges against him. The complaining witness testified that she had planned to marry Petitioner. The complaining witness learned during her relationship with Petitioner that Petitioner had been seeing another woman and he had fathered a child with the other woman. (Trial Tr. Vol. 3; pp.165-166).

In cross examining the complaining witness, defense counsel stated:

> [I]sn't this just all about the fact that you are upset that Jean Luc broke off the relationship with you, that he was seeing another woman while seeing you, obviously, he had an intimate relationship with her, this man that you were planning to marry, weren't you upset by that?

(Trial Tr. Vol 3; p.193).

Petitioner's claim that his counsel was ineffective for failing to present arguments that the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**         Page -9-

complaining witness was not credible because she had been "scorned" by Petitioner is without merit.

Petitioner also claims his counsel failed to investigate ownership of the collection. He appears to argue that the complaining witness took the collection from her father's estate unlawfully and did not declare the collection for inheritance tax purposes. Petitioner has presented no evidence that the complaining witness did not lawfully own the collection. An "owner" under the Texas Penal Code is defined as a person who: "has title to the property, a possession of the property, whether lawful or not, or a greater right to possession of the property than the actor, . . . ." Tex. Penal Code § 1.07(a)(35). The state court found it was indisputable that the complaining witness had a greater right to the collection than Petitioner. (Trial Court Findings of Fact and Conclusions of Law, p.6). Petitioner has not shown that the state court's decision to deny relief is contrary to or involves an unreasonable application of clearly established federal law or that it is based on an unreasonable determination of the facts. Petitioner's claim should be denied.

Petitioner claims his counsel failed to investigate and review a box of receipts that he claims the complaining witness gave to the prosecution. It appears Petitioner is claiming that the receipts would have showed the collection was worth less than $100,000. Petitioner's claim is conclusory. The trial testimony shows that a coin catalog with values for the coins was introduced into evidence. (Resp. Ex. 1; Trial Tr. Vol. 2; p.141). An expert witness also testified regarding the value of the coins. (Trial Tr. Vol. 3; p.209). Petitioner has not shown that any alleged receipts would have showed a lower value than the evidence admitted at trial. Petitioner's conclusory claims are without merit and should be denied. *See Ross v. Estelle*, 694

F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Petitioner alleges counsel failed to sufficiently meet with him. Petitioner does not state how further meetings with his counsel would have changed the outcome of trial. He has failed to show his counsel provided deficient performance and has failed to show the required prejudice. *Strickland*, 466 U.S. at 687. Petitioner's claim should be denied.

### (b) Failure to subpoena documents and call witnesses

Petitioner claims he received ineffective assistance of counsel because his counsel failed to subpoena documents and call witnesses. Petitioner states his counsel should have subpoenaed the complaining witness' bank records. He states these records would show that he deposited $10,000 into the complaining witness' bank account the day after the sale of the collection. Petitioner's statement is conclusory. He submits no evidence that he ever made such a deposit. Further, as the state court found, trial testimony showed that Petitioner had borrowed thousands of dollars from the complaining witness prior to the theft. (Trial Tr. Vol. 3; pp. 97-105). A deposit by Petitioner into the complaining witness' account would not have established his innocence. Petitioner has failed to show his counsel was constitutionally deficient. He has also not established the prejudice required under *Strickland*. Petitioner's claims should therefore be denied.

Petitioner states his counsel failed to call an expert witness and the buyer of the collection to testify regarding the value of the coins. Petitioner submits no affidavit or other evidence that the buyer or an expert witness would have testified that the value of the collection was less than the $100,000 charged in the indictment. As the Fifth Circuit has stated,

"hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986). Petitioner's conclusory allegations of ineffective assistance of counsel fail to raise a colorable basis for habeas corpus relief. *See Ross*, 694 F.2d at 1012. Petitioner's claims are without merit and should be denied.

Finally, Petitioner argues his counsel failed to present exculpatory evidence regarding his claim of innocence. Petitioner does not state the nature of any other evidence his counsel should have presented. This claim is conclusory and without merit.

**4. Unlawful Evidence**

Petitioner argues the complaining witness obtained the collection unlawfully because she allegedly took the collection without the consent of the probate court and allegedly avoided paying inheritance tax on the collection. He also states the complaining witness and/or her father used illegal funds to purchase coins in the collection. Petitioner claims that evidence of the coin collection should not have been admitted at trial, since it was unlawfully obtained evidence in violation of Art. 38.23 of the Texas Code of Criminal Procedure.

Article 38.23 of the Texas Code of Criminal Procedure states in pertinent part:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

Tex. Code Crim. P. § 38.23(a).

In this case, Petitioner has made no showing that the complaining witness unlawfully obtained the collection. Further, to the extent that Petitioner is claiming a violation of state law,

federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). It is not the function of the federal habeas court to review the interpretation of state law by a state court. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Petitioner's claim is without merit and should be denied.

**5. Evidence Tampering**

Petitioner argues the state allowed the complaining witness to tamper with evidence. The state introduced a coin catalog that the complaining witness' father used to note the existence of each coin in his collection. Petitioner argues the complaining witness altered this catalog to reflect that her father owned additional coins that he in fact did not own. Petitioner's claims of tampered evidence are wholly conclusory and should be denied. *See Ross*, 694 F.2d at 1012 (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**6. Use of False Testimony**

Petitioner states he recently obtained a copy of a police report showing the State knowingly used perjured testimony.[5] The police report shows the complaining witness originally placed the value of the collection at $33,000. The report also appears to state that on May 26, 2000, some property was recovered. The trial testimony shows, however, that Dallas Police Detective Baugh testified regarding the police report. (Trial Tr. Vol. 4; p.14). Detective Baugh testified that he told the complaining witness he needed a value of the collection to file a police

---

[5] On July 21, 2005, Petitioner filed a motion to amend his petition to add this claim. The Court granted his motion. Although this claim is not exhausted, the terms of 28 U.S.C. § 2254(b)(2) provide that an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**         Page -13-

report.  Detective Baugh stated the complaining witness told him she thought the collection was worth at least $33,000, but she was not certain of the total value.  (*Id*. at 16).  The police report showing a value of $33,000 is therefore not new evidence, nor does it show that the state knowingly presented perjured testimony.

Petitioner also attaches a supplemental police report that states certain property was recovered on May 26, 2000, which was after completion of the trial.  Petitioner does not state how this evidence could have been suppressed, when it did not arise until after trial.

Petitioner's claims that the state knowingly offered perjured testimony and suppressed evidence is without merit and should be denied.

**7.  Actual Innocence**

Petitioner claims he was actually innocent of the theft because he intended to re-purchase the collection from the buyer.  A claim of actual innocence independent of constitutional infirmity at trial is not cognizable on habeas review.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1988).  Further, to be credible, a claim of actual innocence must be based on reliable evidence *not* presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence means "factual innocence" and not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).  Thus, where a petitioner asserts his actual innocence of the crime, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition.  *Schlup*, 513 U.S. at 327.  Petitioner presents no new evidence in support of his claim.  Petitioner's claim should be denied.

## 8. Insufficiency of the Evidence

Petitioner argues the evidence was insufficient to support his conviction. Respondent argues that Petitioner's sufficiency of the evidence claim is procedurally barred because Petitioner failed to present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *Id*.

The records reflects that Petitioner raised his insufficiency of the evidence claim on appeal, but he failed to file a petition for discretionary review. He also did not raise his insufficiency of the evidence claim on state habeas review.[6] Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result

---

[6]Even if Petitioner had attempted to raise this claim on state habeas review, sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). *See West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -15-

of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's insufficiency of the evidence claim.

## 9. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed August 22, 2005.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE